## TABOR *v.* JUDD.

In trespass *quare clausum*, when issue is joined upon a traverse of the plea of soil and freehold, the burden of proof is on the plaintiff.

Evidence of declarations by a former deceased owner of a conveyance of land in a party's chain of title is immaterial when the only question is as to the location of the dividing line between the lands of the parties.

A letter written by a witness may be competent when it tends to contradict him upon a material point; but, except for the purpose of affecting the credit of the witness, it is hearsay and inadmissible.                    \

A verdict is not set aside because documentary evidence used on the trial was taken by the jury to their room without objection.

A party aggrieved by improper conduct at a view by the jury waives the misconduct if, after it comes to his knowledge, there is unreasonable delay in bringing it to the attention of the court.

Documentary evidence, made part of a bill of exceptions or reserved case by reference, is regarded as waived by the party excepting or moving, when it is not sent to the court with the printed case and the necessary steps for remedying the defect are not taken.

TRESPASS, for breaking and entering "the plaintiff's close, situated in said Pittsburg," and cutting down and carrying away the plaintiff's grass. Plea, that "the said close was the freehold of

the defendant." By amendment, the plaintiff added a new count, describing his close as bounded on the south by a line beginning at a corner post standing at the north-east corner of the defendant's homestead farm, thence west about ten and one half degrees north seventy rods to a pine stump, thence in the same course to the old Hereford line, thence, etc. To this count, the defendant pleaded that so much of said close as lies south of a line beginning at said post, and thence north seventy-seven and one half degrees west to a spruce stub, thence, etc., to the old Hereford line, was the freehold of the defendant. Replication, that the defendant was not seized of the tract of land in his plea described. Verdict for the defendant. Motion by the plaintiff for a new trial.

The plaintiff and the defendant severally own and occupy adjoining farms, the defendant's being south of the plaintiff's. The dividing line begins at the post, and runs westerly to the old Hereford line. The plaintiff claims that it runs across a certain pine stump, which is about seventy rods from the post. The defendant claims that it runs further north. The plaintiff took the opening and the close without objection. Subject to the plaintiff's exception, the court instructed the jury that the burden of proof is on the plaintiff. The only question tried was the location of the dividing line between the farms of the parties. The motion for a new trial was denied, and the plaintiff excepted.

The facts relating to other exceptions sufficiently appear in the opinion.

*T. F. Johnson* and *J. I. Parsons*, for the plaintiff.

*Dudley & Remich*, *E. Aldrich*, and *Ray, Drew & Jordan*, for the defendant.

SMITH, J. The case may be considered as though the declaration consisted of the new count only. In it the plaintiff described his close by metes and bounds. The defendant pleaded soil and freehold in a triangular piece, part of the close described in the declaration. The plaintiff traversed the plea of soil and freehold, tendering an issue to the country, which the defendant joined. The case does not state that the defendant pleaded the general issue as to the close not included in the triangular piece. If such was the fact, however, it was for the plaintiff to open and close. *Judge of Probate* v. *Stone*, 44 N. H. 593, 602. But the case finds that the only question tried was the location of the dividing line between the farms of the parties. By common consent, the declaration seems to have been treated as including only so much of the close claimed by the plaintiff as was in controversy; and it seems to have been taken for granted that the only question raised by the pleadings was, whether the disputed tract was the soil and freehold of the defendant or of the plaintiff. The jury were in-

structed that unless the evidence as to title preponderated in favor of the plaintiff, the defendant was entitled to the verdict. Were the instructions correct?

By the common law of England the plea of *liberum tenementum* admits the fact that the plaintiff was in possession of the close described, and that the defendant committed the acts complained of, the only question being whether the close was the defendant's freehold, with a right to the immediate possession of the same at the time of the alleged trespass. He undertakes to show title in himself which will do away with the presumption arising from the plaintiff's possession. The plaintiff's right of possession is not admitted, but the fact merely of possession, though wrongful., 1 Chit. Pl. (11th Am. ed.) 173, 175, 500, 503, 504, 527; Gould Pl., *c.* 6, *ss.* 91, 92, 93; *Ryan* v. *Clark*, 14 Q. B. 65, and numerous other authorities. Actual possession by entry is essential to maintain the action. 3· Bl. Com. 210. "As it is pleaded in answer to a possessory action, it must admit a possession in the plaintiff, or it would be bad as amounting to the general issue. It must admit such a possession as would suffice to maintain the action if unanswered, or as against a wrong-doer. On the other hand, it must deny a rightful possession, or it would fail as a defence to the action. In the language of pleading, it gives implied color to the plaintiff, but asserts a freehold in the defendant, with a right to immediate possession." *Doe* v. *Wright*, 10 A. & E. 763. As the plea admits the plaintiff's possession, and the acts complained of, the burden is upon the defendant to show that the title to the *locus* was in him, with a right to immediate possession at the time of the alleged trespass. Add. Torts (4th ed.) 375; *Doe* v. *Wright*, 10 A. & E. 763; *Davis* v. *Mason*, 4 Pick. 156.

But in this state the plaintiff is allowed to aver merely his right to the possession as against the defendant. That is all he is required to prove under the general issue. *Warren* v. *Cochran*, 30 N. H. 379, 383; *Dexter* v. *Sullivan*, 34 N. H. 478, 481; *Tappan* v. *Tappan*, 36 N. H. 98, 120; *Carter* v. *Beals*, 44 N. H. 408, 413. Possession may or may not be important as evidence bearing upon the question of right, but as an allegation of pleading it is immaterial. The plea by not denying does not admit what is not alleged, or what, if alleged, is immaterial. The plea, therefore, would seem to be nothing more than a denial of one of the plaintiff's allegations. It is true, the plaintiff, if he has a right to the possession, may for some purposes be deemed to have constructive possession, but constructive possession is not equivalent to actual possession, required by the law of England. Under the general issue, the plaintiff is bound to show a title good against the defendant, and the defendant cannot, by denying a material allegation of the declaration by a special plea (and that a defective one, according to the principles of pleading), shift the burden of proof, and obtain the right to open and close. The burden is on the plaintiff

to make out every material fact alleged in his declaration by whatever form of pleading it is put in issue. *State* v. *Bartlett*, 43 N. H. 224, 229, 230; *Judge of Probate* v. *Stone*, 43 N. H. 602, 606; *Tenney* v. *Knowlton*, 60 N. H. 572.

In England, the plea has been regarded as an anomaly in pleading. It came into use because of the usual practice, anciently, to declare generally of breaking and entering the plaintiff's close in a certain vill or parish. Because of the defendant's difficulty of knowing what close was meant, he was permitted to plead that the close was his freehold; and if the plaintiff traversed this plea, and the defendant showed title to any close in the vill or parish, he got the verdict. The plaintiff therefore was driven to a new assignment, describing his close with exactness. *Palmer* v. *Tuttle*, 39 N. H. 486. The plea has been sanctioned as a good special plea by a long series of authorities, ancient and modern, but it is bad in reasoning, and contrary to the general rules of pleading, because the defendant may be a trespasser although he be the freeholder, and because it impliedly admits a possessory title, and consequently a right of action in the plaintiff. *Ryan* v. *Clark*, 14 Q. B. 65; *Roberts* v. *Tayler*, 1 C. B. 117; *Lambert* v. *Stroother*, Willes 218; *Martin* v. *Kesterton*, 2 W. Bl. 1089; Gould Pl., c. 6, ss. 91, 92, 93; Sto. Pl. 629 note, 675 note. With stronger reason, the plea in this state cannot, logically considered, be a strict and full bar to the action of trespass *quare clausum*. It has, however, been found convenient in practice, when the title is in dispute, and must be held valid on account of long usage. The main object of the plea has been, and still is, to drive the plaintiff to particularize his close by a new assignment, so that the defendant may know how to adapt his defence to the actual ground of complaint, although it may be useful for other purposes. But, for reasons above given, when issue is joined upon a traverse of the plea, the burden of proof is on the plaintiff. In *Smith* v. *Powers*, 13 N. H. 216, the only question raised by the demurrer to the new assignment was, whether the pleas covered the whole matter alleged in the declaration.

By the declaration and the rest of the pleading each of these parties formally asserts that a certain piece of land was his. They agree that it belonged to one of them. For all practical purposes of the trial, the question was in substance whether the plaintiff or the defendant was the owner. That was the question which was tried and decided; and on such a trial, in our practice, whether the action is in form personal or real, the substance rather than the form of the issue is regarded, and the party bringing the suit assumes the burden of proving the title which he asserts. *Tenney* v. *Knowlton*, 60 N. H. 572.

The evidence of declarations by a former deceased owner of the plaintiff's farm of a conveyance to one Johnson in the plaintiff's chain of title was properly rejected, for the reason that the evi-

dence was immaterial. It is now claimed that the evidence was competent because it would show that Parker Tabor was not, and that Johnson was, the owner of the plaintiff's farm at the time when, as one Rogers testified, Tabor disclaimed title to the land in controversy. The plaintiff claimed title by deed and also by prescription, and there was evidence tending to support his claim on both grounds. It was competent to show that Tabor did not own the farm at the time he disclaimed title to the land, but the offer was not put upon that ground at any time during the trial. It is too late when the trial is over to claim that the evidence was competent for a purpose not suggested when the evidence was offered. *Jackson* v. *Barron*, 37 N. H. 497; *Heath* v. *Heath*, 58 N. H. 292. Whether the evidence was competent to prove a conveyance need not be considered.

The plaintiff having introduced the deposition of one E. P. Tabor, the defendant was allowed, against the plaintiff's objection, to prove and introduce a letter written by the deponent to his mother, which contradicted his deposition on the point in dispute between the parties. The ground of the plaintiff's objection was not stated. He now contends that a portion of the letter was inadmissible because it contained a quotation from a letter of Mrs. Tabor's tending to show a controversy in 1855 about the line, and because other parts of the letter tended to show that the question of the location of the line was agitated by the plaintiff's father, who then owned the farm, not long before he died, in 1851. The letter was competent because it contradicted the defendant upon a material point. No objection was made to any particular part of it when it was read. If any portion was inadmissible, the plaintiff should have requested the court to exclude that part of it, or requested to have it stricken out of the evidence with proper instructions to the jury. His neglect to request it was a waiver of his right to have it stricken out. But it appears that the jury were properly instructed how far the letter could be considered.

When the case was given to the jury, counsel on both sides were directed by the court to see that the proper papers, documentary evidence, and exhibits were taken by the officer to the jury-room. The plaintiff now objects that the Tabor letter should not have been sent to the jury. The letter having been read in evidence was properly taken to the jury-room. But if it were otherwise, it was the duty of counsel to see that only the proper papers were taken. Neglect of this duty is not ground for a new trial unless it is made to appear that due care was used, and that the paper, through some mistake or artifice of opposing counsel, was taken to the jury-room. *Kent* v. *Tyson*, 20 N. H. 121; *Maynard* v. *Fellows*, 43 N. H. 255, 259; *Gardner* v. *Kimball*, 58 N. H. 202.

After verdict the plaintiff complained of misconduct of the defendant at a view had in the early part of the trial. The evidence offered by him on this subject was properly rejected because

the misconduct was not seasonably brought to the attention of the court. The plaintiff and his counsel either knew or were seasonably informed of what took place. He took his chance of getting a verdict. Having been unsuccessful, he cannot reasonably ask for a new trial for reasons of which it was his duty to avail himself at the earliest moment. *Noyes* v. *Gould*, 57 N. H. 20.

The written motion for a new trial, Tabor's letter and deposition, and all other documentary evidence used at the trial, are made a part of the case, copies of which it was the duty of the party excepting to furnish to the court. G. L., c. 208, s. 12. Not having been furnished with copies of these papers, we infer they will not throw additional light upon the questions in this case, and the plaintiff's neglect to comply with the statutory requirement is regarded as a waiver of the evidence. *Lobdell* v. *Marshall*, 58 N. H. 342.

*Exceptions overruled.*

DOE, C. J., did not sit: the others concurred.