Carroll,　⎱
Dec. 5, 1905.　⎰

## LYMAN v. BROWN.

Pleadings may be amended after verdict to conform to the issues actually tried.

A motion to set aside a verdict as against the law and the evidence is determinable by the trial court.

A party aggrieved by improper conduct of the jury at a view waives his right to object if he fails to seasonably direct the attention of the court to the misbehavior and proceeds with the trial.

An interjected remark of counsel, which merely states a conceded fact and has no prejudicial effect, does not furnish cause for setting aside a verdict.

TRESPASS, *quare clausum.* Plea, the general issue. Trial by jury and verdict for the defendant. Transferred from the June term, 1905, of the superior court by *Stone*, J.

The plaintiff moved that the verdict be set aside and that judg-

ment be ordered in his favor, for the following reasons: (1) The verdict is against the law and the evidence; (2) the jurors did not keep together at the view and were spoken to for that reason by the sheriff who had them in charge; (3) during the view of the line claimed by the parties some of the jurors drank cider as it was offered to them; (4) before the evidence was fully heard, one of the jurors expressed an opinion in favor of the line claimed by the defendant; (5) during the trial the defendant's counsel, in the hearing of the jury, made a statement to which exception was taken, relative to the boundaries of a lot of an adjacent owner, after evidence upon that point had been offered and excluded by the court; (6) during the trial certain persons, in the hearing of a juror, made remarks relative to the case which were not objected to by him, and continued until stopped by the sheriff. A hearing was had upon the motion, and certain facts were found which appear in the opinion. The motion was denied, and the plaintiff excepted.

*Josiah H. Hobbs*, for the plaintiff.

*Arthur L. Foote*, for the defendant.

BINGHAM, J. The plaintiff owns a lot of land situated in Madison, and the defendant's wife owns a lot in Tamworth, adjoining the plaintiff's lot on the west. The title to both lots was derived from the same grantor. The boundary between the towns is a straight line. It is also the division line between the lots. The plaintiff claimed at the trial that the town line was located on the ground about seven rods west of where the defendant claimed it to be. The territory upon which the alleged trespass was committed is located between the lines thus claimed. The defendant justified the acts complained of as the agent of his wife. The jury were instructed that the only contention between the parties was in respect to the location of the original boundary line between the towns; that if it was located where the plaintiff claimed it was, the defendant was a trespasser; but if it was located where the defendant claimed, he was not. No exception was taken to this instruction, and none properly could have been. The defendant pleaded the general issue. Under that plea, as it is now understood in this state, the title to the disputed territory could be determined. *Tabor* v. *Judd*, 62 N. H. 288, 290. Since the decision in *Tabor* v. *Judd*, the necessity of a special plea of soil and freehold to try the title to disputed territory seems to have been done away with; but if this is not so, and the defendant should have pleaded specially, he may now be permitted to do

so by amending his pleadings in the superior court to conform to
the issue actually tried.

The first reason assigned in support of the motion to set aside
the verdict raises no question of law. The second and third
reasons assigned are not sufficient to justify setting aside the
verdict, when considered in connection with the facts found at the
hearing upon the motion. It seems that the plaintiff and his
counsel were present at the view taken by the jury and knew
what took place there. They made no objection at the time and
failed to call the matter to the attention of the court until after
a verdict had been returned for the defendant. If they regarded
the conduct of the jurors as irregular and prejudicial to the plain-
tiff's rights, they should have so informed the presiding justice
when they returned to court after finishing the view. Instead of
so doing, they chose to go on with the trial and obtain a favorable
verdict if they could. By so doing they waived any right the
plaintiff might have had to insist on these objections. *Tabor* v.
*Judd*, *supra*, 292, 293; *Noyes* v. *Gould*, 57 N. H. 20, 25.

The fourth reason assigned is not supported by the facts, for it
is not found that the person who expressed an opinion in favor of
the line claimed by the defendant, after the view was taken, was
a juror. And the answer to the sixth reason is of a like character.
It is not found what the remarks alleged to have been made in
the presence of the juror were; and although the juror thought
they related to the case, he did not know who the persons making
them were, nor what they said.

The fifth reason is likewise without merit. It was conceded at
the trial that the division line between the lots was the boundary
line between the towns. The controversy concerned the location
of that line. The reply of the defendant's counsel to the inquiry
of the court—"I want to say that it [the land of the witness
Bickford] is bounded by the Madison town line on the east"—
simply tended to show that the division line between the lots was
the town line, a conceded fact. Standing alone, the reply had no
tendency to prove where the line was located, and if incompetent
it was not prejudicial.

We think it is unnecessary to say more concerning the excep-
tions taken to the argument of counsel, than that we are of the
opinion they are not well founded.

*Exceptions overruled.*

All concurred.