CONSILIO NAPURANA, PLAINTIFF IN ERROR, v. WILLIAM YOUNG, DEFENDANT IN ERROR.

Argued November 26, 1906—Decided March 4, 1907.

1. A jury may infer negligence from facts and circumstances which reasonably impute it.
2. If the proof shows that a child of six years of age was run down at a crosswalk by the driver of a team of horses going slow, and who had full opportunity to observe the child, and nothing else appears, whether or not there was negligence in the driver is not a court question, but is for the jury, and it is error to direct a nonsuit.

---

On error to the Essex Circuit Court.

For the plaintiff in error, *Henry V. Osborne.*

For the defendant in error, *Elvin W. Crane.*

The opinion of the court was delivered by

FORT, J. This is an action in tort by a little child, by her next friend, to recover for injuries resulting from being run down on a crosswalk by a team of horses driven by the servant of the defendant. The child was seven years old at the trial, and the accident was some sixteen months prior thereto. The exact age of the child does not appear.

It is evident that she was about six years old at the time of the accident.

The trial judge rightly held that contributory negligence could not be imputed to her.

When plaintiff rested there was a nonsuit.

The proof then was that the child was upon the crosswalk, crossing the street, following her mother, who had already crossed. The child was at the time of the accident about in the middle of the street. The servant of the defendant was driving a team of horses to a loaded wagon, and was traveling, at the time of the accident, on a slow walk. With him on the wagon was a colored man. There is no proof that they were talking, or that the driver was not giving attention to his horses. The wagon did not go over the child. The horses only hit her. On this state of facts the trial judge nonsuited, saying:

"We must have something more, something to show want of care on the part of the driver, something beyond a mere inference founded on these naked facts, some positive testimony showing some act of inattention or want of care—evidence, for instance, that the driver was looking elsewhere, that he was not minding his business, that he was asleep or intoxicated, or what not. How can the court or the jury predicate a charge of negligence on the bare fact that a walking horse knocks a person down in the middle of the street?"

If this is a correct view of the law as applicable to this case, the nonsuit was right. But we think it was not.

On the question of negligence in a driver of horses attached to a vehicle upon the public street, it is of little concern whether he be going fast or slow, except as speed may be an element of negligence. The question, in either event, is whether he was in the exercise of reasonable care and caution in approaching the crossing, and in looking out for persons upon the highway, to prevent injury to them. If the driver of a team of horses on a walk runs over a child at a crosswalk, it would seem to raise a reasonable inference for the jury whether he was not negligent. The jury may infer negligence

from facts and circumstances which reasonably impute it. True, the proof here shows that the driver evidently was going at such a slow speed as that he had his horses under complete control. Why, then, did he run over the child? It was his duty to be on the lookout at the crossing of the street for children whom he should have anticipated might be there, and when the testimony on the plaintiff's case shows such facts as will, unexplained, make it reasonably inferable that the accident would not have happened except for the lack of reasonable care on the part of the driver, then the jury may infer negligence.

In this case the driver was either looking or he was not. If looking, he must have seen the child, and, going at the slow pace he was, it is reasonably inferable that he would, if he had exercised reasonable care, have averted the accident.

If he ran the child down, even if going slow, when he was not looking, of course, that is evidence from which the jury may find negligence.

In either event, we think the question of the negligence of the driver, under the proof when the plaintiff rested, was for the jury.

In Kaufman *v.* Bush, Mr. Justice Garrison said: "If from the testimony the jury found, as they might, that the plaintiff had reached the crossing first, and was using it at a time when the driver of the approaching vehicle ought to have seen her, and could, by exercising proper care over a horse that was under proper control, have either stopped or turned aside, so as to avoid running her down, a case of negligence was sufficiently made out."

The age of the plaintiff, while it does not, *per se,* alter the rule by which the negligence of the driver is to be gauged, is a circumstance to be taken into consideration in measuring the sort of care he was exercising and in determining what inferences should be drawn from the other facts respecting the accident. *Kaufman* v. *Bush,* 40 *Vroom* 645, 648.

The nonsuit was error, and the judgment of the Essex Circuit is reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.    16.