Hillsborough, )
May 7, 1907. )

## DUGGAN, *Adm'r*, *v.* BOSTON & MAINE RAILROAD.

A child nine years old, who is killed while attempting to cross a railroad track in front of a train which she knows is approaching, is not chargeable with contributory negligence as matter of law.

In an action against a railroad company for negligently causing the death of a child at a grade crossing, evidence that a train was driven at a high rate of speed at a point where children were accustomed to play, and that the engineer took no steps to discover the presence of the deceased until it was impossible to avoid the accident, warrants a finding of negligence on the part of the defendants.

CASE, for negligently causing the death of the plaintiff's intestate. Trial by jury and verdict for the plaintiff. Transferred from the May term, 1906, of the superior court by *Pike*, J., upon the defendants' exception to the denial of a motion for the direction of a verdict in their favor.

A highway in East Manchester known as the Hall road crosses the defendants' railroad at grade. The highway runs north and south. The railroad is built on a curve, but its general direction is east and west, and its grade is descending in both directions from the crossing. On the east side of the highway and north of the railroad is a large building known as the wrapper factory, its southwest corner being forty-one feet north of the northerly rail. The south line of the building, if produced, would intersect the center of the railroad 436 feet east of the crossing; but at a point eleven feet nearer the track there is an unobstructed view of the railroad toward the east for more than 500 feet.

For a long time a large number of small children had been accustomed to play on and near the crossing. The plaintiff's intestate either had joined or was about to join in a game of hide-and-seek at the crossing when she was killed. She was nine and a half years old, of average size and intelligence, but very nervous when near a moving train. She left her home, which was located north of the crossing, about seven o'clock in the evening of May 30, 1903, and went directly to the northwest corner of the factory, where she stopped a few minutes and ate some bread and butter. She was next seen at the southwest corner of the factory, where she looked down the railroad toward the east, and then, stepping a few feet nearer to the crossing, she looked down the railroad toward the west. She then started to run across the tracks, looking straight ahead, but was struck by a train from the east and killed

when nearly over the crossing. At the time she was seen looking toward the east, the engine was from 500 to 600 feet from the crossing and approaching it at a speed of from forty to fifty miles an hour. Nothing was done to notify the child of the approach of the train, nor was any effort made to check its speed until it was within a few feet of the crossing. If the brakes had been applied when the engine was 250 feet distant from the crossing, the accident would not have happened. The engineer had an unobstructed view of the crossing and the space between it and the factory, from the time the engine was within 400 feet of the crossing until the child was struck.

*Burnham, Brown, Jones & Warren,* for the plaintiff.

*Branch & Branch,* for the defendants.

YOUNG, J.   As the plaintiff's intestate was but nine years old, it cannot be said as a matter of law that she was guilty of contributory negligence, even if she saw the train when she started to run over the crossing. *Warren* v. *Railway,* 70 N. H. 352; *Bisaillon* v. *Blood,* 64 N. H. 565; *Napurana* v. *Young,* (N. J.) 65 Atl. Rep. 1052; *McLarty* v. *Railway,* 127 Ga. 161.

It will not be necessary to consider whether she was rightfully or wrongfully on the crossing, for if she was wrongfully there that would not prevent the plaintiff from recovering, if " at the time of the accident she was in the exercise of ordinary care, and they knew of her presence in a dangerous situation, or failed to exercise due care to discover her presence in such a situation when circumstances existed which would put a person of average prudence upon inquiry " (*Brown* v. *Railroad,* 73 N. H. 568, 573); and it could be found from the fact that small children were in the habit of playing on the crossing that such circumstances existed. *Mitchell* v. *Railroad,* 68 N. H. 96. So the question whether there was any evidence from which it could be found the defendants were negligent resolves itself into the question whether or not it can be said as a matter of law that the ordinary man is accustomed to run a train at a speed of fifty miles an hour, over a grade crossing on which he knows small children may be playing, without doing anything to determine whether there are any children on it until he is so close to it that he can do nothing to prevent an accident; for it could be found that that was what the defendants did, on the view which they concede may be taken of the evidence. According to that view, the train was moving seven times as fast as the little girl, so she came into the engineer's field of vision when the engine was more than 300 feet from

the crossing, namely, seven times forty-five feet, the distance from the southwest corner of the factory to the point where she was killed. If he had seen her at that time and put on the brakes, or if he had put them on when the engine was fifty or even a hundred feet nearer the crossing, it could be found that the accident would not have happened. Consequently it could be found that the defendants were negligent, and that their negligence was the cause of the accident.

*Exception overruled.*

All concurred.