Coos,
Oct. 7, 1913.

ELZEOR   SOUCIER *v.* ODELL MANUFACTURING CO.

In conformity with well settled practice, the trial court may rule upon the admissibility of testimony as the case stands when an offer of proof is made, without regard to the assertion of counsel as to forthcoming evidence; and if there is no error in the admission of the evidence when offered, an exception does not lie unless the objecting party moves to strike out the incompetent matter after its inadmissibility has been established in the subsequent course of the trial.

Expert evidence is admissible to show the dangers incident to the operation of a buzz-planer and the knowledge of them which is acquired by an experienced workman.

CASE, for negligence.   Trial by jury and verdict for the defendant.   Transferred from the September term, 1912, of the superior court by *Chamberlin*, J., upon the plaintiff's exceptions to the admission of evidence.

*Hollis & Murchie (Alexander Murchie orally),* for the plaintiff.

*Drew, Shurtleff & Morris (Mr. Morris orally),* for the defendant.

PEASLEE, J.   The plaintiff was injured while operating a buzz-planer in the defendant's mill.   Evidence of his careless habit in operating the machine was admitted as a part of the cross-examination of a witness produced by the plaintiff.   The plaintiff objected and excepted upon the ground that it would appear later, by the testimony of two witnesses, just what he was doing when the accident occurred.   The court refused to exclude the testimony on this ground, saying that neither the court nor the opposing counsel could anticipate what the other evidence might be.

The only question presented by this exception is whether the trial court is bound to take the assertion of counsel as to what evidence will be forthcoming, as the equivalent for evidence already in the case.   The practice in such cases is well settled.   The court may rule upon the admissibility of the evidence as the case stands when the evidence is offered, or the ruling may be based upon the offer of proof, *de bene esse,* or it may be postponed until the other evidence has been introduced.   If, as in this case, the first course is pursued, and there is no error in the admission of the evidence when offered, no exception lies unless the objecting party moves to strike

out the evidence after its inadmissibility has been established in the subsequent course of the trial. *Cassell* v. *Bank*, 169 Ill. 380; *Beans* v. *Denny*, 141 Ia. 52. No such motion was made in this case, and the exception must be overruled.

The question whether evidence of careless habit should be wholly excluded, or on the other hand should always be admitted, is not presented by the exception taken. The only objection was to the admission of such evidence when there is direct evidence of the conduct in question. The sole ground for this objection being the statement of counsel as to what he would prove later in the trial, and the presiding justice having been of opinion that a ruling should not be postponed or made *de bene* for this cause, no question of the competency of the evidence is presented.

Subject to exception, a witness testified that by experience in running a buzz-planer a man would learn that the lumber being planed is likely to be thrown back, that a short stick is more likely to jump than a long one, that it is more likely to jump when the knives are set for a thick shaving or when they strike a knot, and that he must use some force to hold the stick in place. This evidence comes fairly within the class described in the authorities cited by the plaintiff. The subject-matter under consideration so far partook "of the nature of a science as to require a course of previous habit or study in order to the attainment of a knowledge of it." *Ellingwood* v. *Bragg*, 52 N. H. 488. See, also, *Folsom* v. *Railroad*, 68 N. H. 454, and cases there cited.

*Exceptions overruled.*

All concurred.