Strafford, ⎱
Jan. 26, 1925. ⎰

### LEO LANGEVIN *v.* THE TWIN STATE GAS & ELECTRIC COMPANY.

A boy stopping on a highway bridge to watch other boys fishing from the bridge may be found to be making a reasonable use of the highway.

An electric company owning wires covering a stream, beside a bridge from which boys are accustomed to fish, with the result that their lines are frequently caught and seen hanging on the wires, may be found liable for injuries occasioned to a person rightfully on the highway by the breaking of one of its wires pulled by the line of one of the fishermen against another wire, the wires being very loosely hung and the insulation defective.

To sustain liability it is not necessary that the defendants should know and appreciate the precise way in which an accident might occur by reason of their defective equipment. If there is some general probability of danger, the duty to anticipate and guard against it arises according to the circumstances.

CASE, for negligence. The plaintiff was injured by one of the defendants' electrically charged wires falling upon him. Trial by jury, resulting in a disagreement. The defendants' motion for judgment on the record, made after the disagreement, was granted subject to the plaintiff's exception. The facts appear in the opinion. Transferred by *Marble*, J.

*Matthews & Stevens* (*Mr. Stevens* orally), for the plaintiff.

*Hughes & Doe* (*Mr. Hughes* orally), for the defendants.

PLUMMER, J. The plaintiff, who was a boy thirteen years of age, was walking across the bridge on North Main Street in Rochester. He stopped to watch some boys who were fishing from the bridge, and one of the boys caught his fish line on an electric wire of the defendants. In attempting to free his line, he pulled the wire against another wire of the defendants, and it burned off, fell upon the plaintiff and injured him. The evidence justifies the finding of the following additional facts: For many years boys had habitually fished from this bridge at the place where the plaintiff was injured; and fish lines had frequently been seen hanging over the wires. The custom of fishing from the bridge had been continued so long and constantly that it was common knowledge in the neighborhood. The defendants' wires, which were pulled together by the boy, were strung from two poles standing at each end of the bridge. For a long time these wires had hung loose and sagging, and were poorly in-

sulated, much of the insulation being off. The wires sagged to such an extent that they came vertically within some ten or twelve feet of the surface of the bridge. Laterally they were about five feet from the bridge. These wires were charged with a high current of electricity, twenty-three hundred volts.

"Travelers upon public highways have the right to do all acts reasonably incident to 'a viatic use of the way.'" *Lydston* v. *Company*, 75 N. H. 23. The plaintiff in walking across the bridge stopped to watch the boys fishing. While he was thus engaged, he was injured by the falling wire. "The law does not prescribe how long he could stand there without ceasing to use the way as a way. The question is one of reasonable use; and that is a question for the jury, if there is any evidence on which they could properly find the use was reasonable." *Varney* v. *Manchester*, 58 N. H. 430, 438.

The evidence in the present action, relative to this phase of the case, is similar to that in the case last cited, and is adequate to support a finding that the plaintiff was in the reasonable use of the highway as such when the accident occurred.

Can the defendants be held liable for the accident which befell the plaintiff while he was in the exercise of his legal rights as a traveler upon the bridge? It would seem that the evidence warrants the conclusion that the defendants' negligence caused the plaintiff's injury. By reason of the long continued and notorious custom of boys to fish from the bridge, it could be found that the defendants either knew or should have known of it. They were also chargeable with knowledge that the boys when fishing entangled their lines with the electric wires, because fish lines were frequently seen hanging over the wires; and that their highly charged wires, which were run near the bridge, were sagging badly and insulated poorly, and that on account of their sagging condition they could be easily pulled together. Therefore it is a fair inference that the defendants should have known that boys fishing from the bridge and getting their lines entangled with the wires might pull them together, and cause injury to themselves or to others upon the bridge.

The defendants' imputable knowledge of the circumstances justifies the conclusion that they should have anticipated that people upon the bridge might be injured because of the negligent way they were maintaining their dangerous electric wires in close proximity to the bridge, and have taken measures to prevent it. *Minot* v. *Railroad*, 73 N. H. 317, 320, and cases cited; *Duggan* v. *Railroad*, 74 N. H. 250. It was not necessary that the defendants should know and

appreciate the precise way an accident might occur by reason of their defective equipment. "If there is some general probability of danger, the duty to anticipate it and give it attention arises according to the circumstances." *Kenney* v. *Len, ante,* 427. The defendants contend that the accident was caused solely by the act of the boy who was fishing, and therefore the defendants cannot be held liable. This contention cannot be sustained. It can be found from the evidence that if the equipment of the defendants had been in a proper state of repair, then the act of the boy could not have caused the accident, but that his action and the defective condition of the defendants' wires concurred in causing the accident. Whether the defendants' negligence was the proximate cause of the plaintiff's injury is a question of fact for the jury to determine (*Prichard* v. *Boscawen,* 78 N. H. 131, and cases there cited; *Derosier* v. *Company, post,* 451), as there is sufficient evidence upon which that issue of fact can be decided. It can be found that the defendants were negligent in maintaining their equipment, and it cannot be held that the evidence conclusively established that such negligence did not contribute to cause the plaintiff's injury. Consequently the case should be submitted to the jury.

*Exception sustained.*

All concurred.