Hillsborough,
Nov. 5, 1929.

WILLIAM E. REED *v.* NASHUA BUICK CO.

158

*John W. Perkins* and *William H. Sleeper* (*Mr. Sleeper* orally), for the plaintiff.

*Warren, Howe & Wilson* (*Mr. Howe* orally), for the defendant.

SNOW, J. Exceptions were taken to the admission of evidence of the absence of other approaches to the hospital and the presence of a "no parking" sign upon the south side of Prospect street; to proof of the custom of the plaintiff and other doctors to park on the north side of said street at particular stands and irrespective of direction; and to evidence that such custom suited their convenience and promoted the prompt performance of their professional duties. It is the position of the defendant in argument that this evidence was inadmissible because the facts sought to be proved were not shown to have been known to the defendant. The question presented by these exceptions calls for an examination of the real or ostensible issues to which the evidence in question was addressed; and more particularly whether the contributory negligence of the plaintiff in the manner he parked his car was a defence, or was so regarded at the trial.

Travelers upon a public highway may make any use thereof, not in conflict with the rules of the road, which is reasonably incident to

highway travel. *Lydston* v. *Company*, 75 N. H. 23, 24; *Langevin* v. *Company*, 81 N. H. 446, 447; *Ahern* v. *Concord*, 82 N. H. 246. Parking is a recognized and common use of highways. No statutory or common-law rule of the road has been suggested in argument which forbade the plaintiff to park his car in the manner he did. Neither the rules requiring the driver of a vehicle to seasonably turn to the right of the center of the traveled part of the road when meeting another traveler (P. L., c. 90, s. 1) or when he is informed that another desires to pass him (*Id. s.* 2), nor the rule requiring him to yield the right of way at intersections to one approaching from his right (*Id. s.* 3) forbid such driver to park his car upon the left at non-intersecting points of a thoroughfare. Such rules, when applicable, have reference only to persons using the highway in their relation to other travelers. *Taylor* v. *Thomas*, 77 N. H. 410, 415; *Gale* v. *Lisbon*, 52 N. H. 174, 180.

When the plaintiff arrived at the hospital there were no other vehicles upon the street. The record discloses no evidence upon which it could be found that, up to the time the plaintiff entered his car to leave the hospital, he had transgressed any rules of the road, violated any custom or infringed upon the rights of the defendant or any other traveler. On the record it would therefore seem that the only negligence of the plaintiff toward this defendant, if any, lay in his failure to use a degree of care commensurate with the danger incident to extricating his car from the situation in which he had placed it. In other words as respects the issue of the plaintiff's contributory negligence, we start at the new stage in which we find the car when the plaintiff entered it to leave the hospital. *Saunders* v. *Railroad*, 82 N. H. 476, 477.

If the defendant had disclaimed reliance upon such prior negligence of the plaintiff, or if the case had been tried on the assumption of such non-reliance, the reason why the plaintiff's car was in the position in which it was when he entered it on leaving the hospital would have been immaterial to the issue of contributory negligence. In such situation the evidence in question would have been competent only upon the issue of the defendant's care, and then only so far as it may have appeared that the defendant was chargeable with knowledge of the facts sought to be proved and was therefore required to give effect thereto in approaching and passing the locality. There was some evidence of the familiarity of the defendant's driver with the location. He knew the hospital was there and was accustomed to observe the requirement of a quiet zone. Whether, in view of the

presence of the sign and the long continued practice as to parking and the opportunity such driver had for observation, he could be found on the evidence to have had knowledge thereof need not be considered.

It seems clear from the course of the trial that it was conducted on the assumption that the defendant would rely in part upon the alleged prior negligence of the plaintiff in parking on the left hand side of the street heading into traffic. Plaintiff's counsel apparently offered the evidence here in question in anticipation of such defence and so stated in some of his offers of proof. The subsequent examination of the defendant's driver by its counsel appears to have afforded some justification for such a belief. This view is confirmed by the statement of the defendant's counsel here in argument, namely, "The whole point [of the evidence excepted to] was to erect a fictitious, though colorable, excuse for the plaintiff's conduct in being on the wrong side of the road. The evidence has no tendency to show a valid excuse for that conduct, and so was inadmissible."

So long as the plaintiff's negligence in parking remained an ostensible issue it was competent for the plaintiff to meet it. The question thus presented was whether he acted as an ordinarily prudent man in so parking. Upon this question the limitation of parking opportunities, the customary manner in which that limitation was met and the necessities and conveniences which prompted the custom, so far as they may reasonably have actuated the plaintiff in parking as he did, were relevant facts bearing on the excusability of his conduct. The extent to which inquiry in these matters should be allowed was discretionary with the trial justice.

It follows that when the evidence objected to was offered it was not inadmissible as a matter of law. If for any reason during the trial the evidence became wholly immaterial it was the privilege of the defendant to move to have it excluded. Or, if material only upon the issue of the defendant's conduct and it was feared that an improper use might be made of it by the jury as tending to excuse the plaintiff's alleged negligence in the operation of his car on leaving the hospital, a motion lay to limit its use. In the absence of such motion the defendant's general exceptions to the evidence do not avail it to set aside the verdict. *Soucier* v. *Company*, 77 N. H. 118, 119; *Wright* v. *Woodward*, 79 N. H. 474, 476.

The plaintiff was allowed to testify that the defendant's managers, at conferences some days after the accident, did not blame him for the collision. The ground of the defendant's exception thereto was

that the evidence failed to disclose that the manager had personal knowledge of the accident. It appeared that the driver of the defendant's car had reported the accident to one of the managers immediately upon its occurrence. The evidence was apparently offered to meet the effect of a counter-claim later presented against the plaintiff for damages to the defendant's car and a counter-action therefor by a writ served about three weeks before the trial. The evidence tended to corroborate the inference of the want of merit in such claim to be drawn from the delay in its presentation and prosecution, and was therefore admissible.

The plaintiff was permitted to testify, subject to exception, that, as he observed the situation, his driver could have done nothing more than he did to avoid the collision. The plaintiff was a physician of twenty-five years of experience in practice. His testimony tended to show that he was a man of good intelligence. There was evidence that he had been the owner of cars for some considerable period, and of several different types. He had testified in some detail as to the manner in which the car was handled by his driver showing a familiarity with its operation. It cannot be said that his testimony would not aid the jury. *State* v. *Hause*, 82 N. H. 133, 136.

The want of merit in the defendant's exception to the denial of its motion for a directed verdict requires no comment.

One Goodwin, chief of police of Nashua, called by the plaintiff testified that he had made, and caused to be painted on the street and curb, the traffic signs exhibited to the jury at the view. The signs were the only public record of his action. Exception was taken to the words "honest man" in the argument of the plaintiff's counsel, referring to witnesses supporting the plaintiff's testimony, as follows:— "They come in here and testify in his behalf, honestly and fairly, such witnesses as . . . Chief Goodwin who held the position in Nashua twelve years, same man, and an efficient, honest man." No cross-examination of this witness was had. The period of his service and the subject of his testimony were undisputed, while the presence of the traffic signs on the highway was supported by other witnesses. The honesty of the witness was not an unfair inference.

Other exceptions of the defendant, not argued, have not been considered.

*Judgment on the verdict*

All concurred.