Hillsborough, June 4, 1935.

RUDOLPH SCHWOTZER *v.* ALLAN SHERWOOD.

JOHN AHERN *v.* SAME.

JOHN URICK *v.* SAME.

*Aloysius J. Connor* (by brief and orally), for Schwotzer and Ahern.

*John D. Warren,* for Urick.

*Lucier & Dowd (Mr. Dowd* orally), for the defendant.

*Per Curiam.* There was abundant evidence of the defendant's negligence. The mere fact that Urick, in the emergency, turned his car to the left did not preclude recovery. *Gale* v. *Lisbon,* 52 N. H. 174, 180, 181. See also *Reed* v. *Company,* 84 N. H. 156, 159. He had a right to a reasonable use of the road, and in turning to the left he was not attempting to pass the defendant's car. Having rightfully done what he did, he was not liable merely because he helped to create a situation dangerous to others as well as himself.

Nor were the plaintiffs necessarily at fault for failing to jump from the car. The car was stalled and Urick was trying his best to get it

started. It was a two-door sedan, and the other plaintiffs were on the rear seat. What due care required under the circumstances was essentially a question of fact. *Folsom* v. *Railroad*, 68 N. H. 454, 460.

This conclusion makes it unnecessary to consider the defendant's contention that the plaintiffs cannot recover under the doctrine of the last clear chance. No exception to the submission of that issue was taken.

*Judgments on the verdicts.*