Hillsborough,&#125; No. 3252.
June 3, 1941.&#125;

AGNES BARTIS *v.* PERCY WARRINGTON.

· ·*Ivory C. Eaton* and *Leonard J. Velishka* (*Mr. Eaton* orally), for the plaintiff.
· ·

*Paul E. Nourie* (by brief and orally), for the defendant.

BURQUE, J.   I. The first exception is to a ruling of the court in excluding the use of a deposition offered by the plaintiff to have a witness for the plaintiff refresh his memory as to the speed of the defendant's car at the time of the accident.   The witness testified that defendant's speed was from fifteen to twenty miles per hour. Plaintiff's counsel then undertook to have the witness refresh his memory through the use of a deposition previously given, wherein he, the witness, had stated the car came "flashing" across the street. Upon objection the court excluded the use of the deposition for the purpose for which it was offered.   The ruling was correct.   The witness testified positively as to the speed both in direct and cross-examination.   The deposition apparently could not refresh his memory.   Memoranda and other documents are used not to refresh one's memory when one has no memory as to past events, but as substantive evidence of facts stated therein when one has made a memorandum of an event at the time of its occurrence.   *Lawrence* v. *Farwell*, 86 N. H. 59, 63; *State* v. *Iacavone*, 85 N. H. 207, 209, and *Graves* v. *Railroad*, 84 N. H. 225, 227 are all to the same effect.   *Precourt* v. *Driscoll*, 85 N. H. 280, 281 is the same in substance, as appears in the statement of the law discussed.   But what is really decided in that case is that a deposition need not be put in evidence before inquiry is made of the plaintiff as to whether he had made a statement in the deposition which differs from the testimony given in court.   The attempt here was to contradict the witness on cross-examination.   The effect resulting from the use of the deposition in this instance would not have been to refresh the witness' memory but to contradict her positive statement on the witness stand.

In this case it appears the deposition was taken September 13 of the same year the case was tried, to wit, 1940.   The accident occurred November 27, 1937.   The witness testified from memory in both instances.   The fact that he made a statement in his deposition which turns out to be different from the one made in court does not make the deposition admissible for refreshing his memory but makes it admissible for contradiction only.   If the plaintiff was surprised by the witness' testimony and her attorney wished to have the privilege of cross-examining the witness on the point involved, such a posi-

tion should have been taken then, and an appeal made to the Presiding Justice on that ground. But such is not the fact and no such question is presented to us.

II. The second exception is to the following instruction to the jury: ". . . the plaintiff's claim is that she was injured while on the crosswalk at this intersection. The defendant's claim here is that the accident . . . happened at a point some forty or fifty, or even more, feet to the north. If . . . the plaintiff was not injured at this intersection, but . . . was injured at a point some forty or fifty feet . . . north of it, then the defendant is not liable, because if the accident happened there . . . the defendant at that point was exercising due care . . ."

There is no error in this, although it was unnecessary to give as a reason for the first statement that if the accident happened north of the intersection the plaintiff could not recover, because ". . . the defendant at that point was exercising due care." The later unqualified statement in the charge, to wit, "If the accident happened at a point forty or fifty feet north of the intersection, the plaintiff cannot recover," stated the law correctly in the instant case. The plaintiff testified positively and unequivocally that the accident happened at the intersection. She describes her actions in full, to the effect that when she reached the intersection she waited until the green light came, that when she was crossing, the light was green and just as she got towards the middle it came out yellow, and then the accident happened. She produced two witnesses to substantiate her claim, and tried her case entirely on that theory. She is bound by her testimony. She made no attempt to resume the witness stand after the defendant, his sister, and five other witnesses testified the accident occurred forty or fifty feet north of the intersection, and admit she might be wrong or confused, that the accident might have happened where defendant said it did. Her case was, as far as she was concerned, submitted on her own explicit claim as to where the accident happened.

This case is analogous to *Sarkise* v. *Railroad*, 88 N. H. 178, where plaintiff claimed his accident occurred on track No. 2 when in fact it occurred on track No. 3, and the court said, in answer to his attempt to invoke the last-chance rule, by relying on selected portions of the fireman's testimony quite at variance with his own account of the accident, that he was ignoring "his own unequivocal assertions," and that he was not entitled to do that, (*p.* 181). When there is nothing in the record to indicate that a plaintiff was con-

fused or uncertain as to what he or she actually did, "it would be inconsistent with honesty and good faith for him to recover on a finding of conduct wholly different from that which he claimed in his testimony." *Fraser* v. *Railway*, 84 N. H. 107, 111. To the same effect is *Bridgham* v. *Effingham*, 87 N. H. 103, 107, where it is said: "the plaintiff seeks recovery only for an accident elsewhere than on the culvert. His testimony about it concludes him," citing *Harlow* v. *Leclair*, 82 N. H. 506, "Proof of the culvert as the location will entitle the defendant to a verdict, since it will show the plaintiff's explicit claim of another place unfounded." An exhaustive review of authorities on this principle of law is found in *Harlow* v. *Leclair*, *supra, pp.* 510, 511. Plaintiff is thirty years of age, and apparently of ordinary intelligence and comprehension. There is no suggestion to the contrary, nor is there any claim of confusion on her part. *Morris* v. *Railroad*, 85 N. H. 265, 276. It follows that she was not entitled to have defendant's conduct inquired into if the accident happened where the defendant and his five witnesses, together with his sister, say it did.

But even if the plaintiff were entitled to have her rights of recovery determined on the assumption the accident occurred forty or fifty feet north of the intersection, the Presiding Justice was right when he instructed the jury there was no evidence of causal carelessness on the part of the defendant at that point. A careful perusal and study of the record lead to no other conclusion.

III. Plaintiff complains because the court allowed defendant to testify in effect, that there was nothing he could have done to have prevented the accident. This is a stock question asked in almost all automobile accident cases, and generally sanctioned by this court. The plaintiff's argument in support of her exception is that defendant could not answer the question because he knew nothing of the accident until it was all over. This does not preclude the testimony which in effect, in this case, can only amount to this: that he was in the exercise of care and did nothing, or failed to do anything, which contributed to cause the accident. And besides, inquiry at this point was harmless, in that the same or a similar question had been asked, without objection, of five other witnesses, and the same answer elicited in each instance.

Defendant was an experienced driver, a resident of Nashua, necessarily familiar with conditions to be encountered on Main Street on a Saturday night. He had stopped at the traffic lights, and proceeded, the first car in line, at a speed which, in the evidence

most favorable to the plaintiff, did not exceed twenty miles per hour. He says, and two witnesses support him, that there was no one in the intersection or in the cross-walk when he started north and no one in front of him as he proceeded along. His lane of traffic was clear. From all this it could be found that he was attentive and that in his opinion he was driving carefully. This is such evidence, coming from one qualified, that warrants the admission of the question under discussion, and his answer thereto can be of assistance to the triers of facts, particularly when supported by evidence to the same effect from five other witnesses. *Reed* v. *Company*, 84 N. H. 156, 161; *Dimock* v. *Lussier*, 86 N. H. 54, 59; *Kelly* v. *Simoutis*, 90 N. H. 87, 90.

*Judgment for defendant.*

BRANCH, J., did not sit: the others concurred.