Merrimack
No. 2004-064

DEBBIE RICHARD & a.

v.

PEMBROKE SCHOOL DISTRICT

Argued: September 9, 2004
Opinion Issued: October 21, 2004

*Abramson, Bailinson & O'Leary*, of Manchester (*Kathleen Mulcahey-Hampson* and *Melanie M. Ryan* on the brief, and *Ms. Ryan* orally), for the plaintiffs.

*Devine & Nyquist, P.A.*, of Manchester (*Corey Belobrow* on the brief and orally), for the defendant.

BRODERICK, C.J. The plaintiffs, Debbie and Joseph Richard, appeal an order of the Superior Court (*McGuire*, J.) granting summary judgment to the defendant, the Pembroke School District (district). We affirm.

The record, taken in the light most favorable to the plaintiffs, supports the following facts. In September 2000, Ms. Richard picked her son up

from school at Pembroke Academy (academy). While leaving, she followed him across a grassy island in front of the school. The island was surrounded by a curb and, on the side of the island farthest from the school, a sidewalk directly abutted the curb. In some locations along the edge of the island, portions of the curb were higher than the abutting ground. When she reached the far side of the island, Ms. Richard tripped over the curb and fell, landing on the adjacent sidewalk. As a result of her fall, Ms. Richard allegedly suffered a severe injury to her right arm, for which her husband also sought damages for loss of consortium.

The district moved for summary judgment on the basis that it was immune from liability under RSA 507-B:2 and RSA chapter 231. The trial court granted the district's motion, ruling that these statutes applied because Ms. Richard's "fall and injuries arose out of the [d]istrict's maintenance of the sidewalk." The trial court concluded that because the plaintiffs "[did] not dispute that no notice of this condition was given to the [d]istrict as required by RSA 231:90 and 92 ... [its] finding that the accident and injury arose out of the maintenance of the sidewalk end[ed] the analysis." This appeal followed.

The plaintiffs contend that their injuries were caused, not by the district's failure to maintain the sidewalk, but rather by the overgrown grass that hid the curb. Specifically, although Ms. Richard is not certain as to precisely where along the curb she tripped, she asserts that she tripped where the grass, curb and sidewalk met, and did so because the curb was obscured by overgrown grass. Consequently, the plaintiffs argue that the district is not immune from liability, because their claimed injuries were caused by the district's negligent maintenance of the grass island or surrounding curb, and not the sidewalk. Additionally, they contend that even if their injuries were caused by negligent maintenance of the sidewalk, the trial court erred in relying upon the district's affidavits from school officials in determining that they failed to satisfy the notice requirements of RSA chapter 231. The district responds that even if the accident occurred due to an "insufficiency" in the sidewalk, the plaintiffs cannot prevail because they failed to plead that the district had actual notice as required by RSA 231:92, II (1993).

"When reviewing a trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party." *Estate of Joshua T. v. State*, 150 N.H. 405, 407 (2003). If our review of the evidence does not reveal any genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the

trial court's decision. *Id.* "We review the trial court's application of the law to the facts *de novo.*" *Id.*

RSA 507-B:2 (1997) provides, in pertinent part:

> A governmental unit may be held liable for damages in an action to recover for bodily injury, personal injury or property damage caused by its fault or by fault attributable to it, arising out of ownership, occupation, maintenance or operation of all motor vehicles, and all premises; provided, however, that the liability of any governmental unit with respect to its sidewalks, streets, and highways shall be limited as provided in RSA 231 . . . .

The district does not contest that it is a "governmental unit" for purposes of RSA 507-B:2, *see* RSA 507-B:1 (1997) (governmental unit means any political subdivision within the State, including school districts), or that it is the proper governmental unit against which this lawsuit should have been brought. We assume, without deciding, that the latter is correct.

Under RSA 231:92, I (1993):

> A [governmental unit] shall not be held liable for damages in an action to recover for personal injury or property damage arising out of its construction, maintenance, or repair of public highways and sidewalks constructed thereupon unless such injury or damage was caused by an insufficiency, as defined by RSA 231:90
> . . . .

RSA 231:90, II (1993) provides that a sidewalk is "insufficient" only if:

> (a) It is not passable in any safe manner by those persons or vehicles permitted on such sidewalk or highway by state law or by any more stringent local ordinance or regulation; or
> (b) There exists a safety hazard which is not reasonably discoverable or reasonably avoidable by a person who is traveling upon such highway at posted speeds or upon such sidewalk, in obedience to all posted regulations, and in a manner which is reasonable and prudent as determined by the condition and state or repair of the highway or sidewalk, including any warning signs, and prevailing visibility and weather conditions.

The plaintiffs contend that their injuries were not caused by the district's maintenance of the sidewalk because Ms. Richard tripped over a curb that was hidden by overgrown grass. We disagree. The term "sidewalk" is not defined in either RSA 507-B:2 or RSA chapter 231.

Therefore, we construe the word according to its common and approved usage. RSA 21:2 (2000); *see also Appeal of Mascoma Valley Reg. School Dist.*, 141 N.H. 98, 100 (1996). According to its common and approved usage, the term "sidewalk" refers to "a walk for foot passengers [usually] at the side of a street or roadway: a foot pavement." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2113 (unabridged ed. 2002).

■ There is no dispute that Ms. Richard is unsure as to precisely where along the curb she tripped. However, the plaintiffs' uncontested allegation is that Ms. Richard tripped over a portion of the curb that directly abutted the sidewalk on the side of the island farthest from the school. We conclude that because the portion of the curb over which Ms. Richard tripped directly abutted the sidewalk such that it formed a part of the walk for foot passengers, that portion of the curb was essentially inseparable from, and an integral part of, the sidewalk. Thus, the district's failure to ensure that the grass along the edge of the island did not obscure the curb for foot traffic is an issue of sidewalk maintenance. Consequently, because it is undisputed that the plaintiffs' injuries were caused by curbing obscured by overgrown grass, their injuries, assuming liability on behalf of the district, arose out of the district's maintenance of the sidewalk.

Under RSA 231:92, I, a governmental unit cannot be held liable for damages in an action to recover for personal injuries arising out of its maintenance of a sidewalk unless the injuries were caused by an "insufficiency" in the sidewalk as defined by RSA 231:90. The district argues that even if the plaintiffs' injuries were caused by an insufficiency in the sidewalk, it is immune from liability because the plaintiffs failed to satisfy the notice requirements of RSA chapter 231. We agree.

RSA 231:92, I, states that a governmental unit shall not be held liable for damages in a personal injury action unless the injury was caused by an "insufficiency" and one of three conditions is met:

  (a) The [governmental unit] received a written notice of such insufficiency as set forth in RSA 231:90, but failed to act as provided in RSA 231:91; or

  (b) The selectmen, mayor or other chief executive official of the [governmental unit], the town or city clerk, any on-duty police or fire personnel, or ... officers [of a governmental unit] responsible for maintenance and repair of highways, bridges, or sidewalks thereon had actual notice or knowledge of such insufficiency, by means other than written notice pursuant to RSA 231:90, and were grossly negligent or

exercised bad faith in responding or failing to respond to such actual knowledge; or

(c) The condition constituting the insufficiency was created by an intentional act of [an] ... officer or employee [of a governmental unit] acting in the scope of his official duty while in the course of his employment, acting with gross negligence, or with reckless disregard of the hazard.

RSA 231:92, II (1993) states as follows:

Any action to recover damages for bodily injury, personal injury or property damage arising out of [a governmental unit's] construction, repair or maintenance of its public highways or sidewalks constructed on such highways shall be dismissed unless the complaint describes with particularity the means by which the [governmental unit] received actual notice of the alleged insufficiency, or the intentional act which created the alleged insufficiency.

The plaintiffs do not argue that they provided the district with notice of the alleged insufficiency, nor do they argue that they pled, with particularity, the means by which the district received actual notice. Rather, they contend only that: (1) notice was not required because their injuries were not caused by an insufficiency in the sidewalk; and (2) even if their injuries were caused by an insufficiency in the sidewalk, the trial court erred when it granted summary judgment in reliance on the district's evidence that school officials, as opposed to other government officials specified in RSA 231:90, did not receive notice.

■ As to the plaintiffs' first argument, we need not determine whether their injuries were caused by an insufficiency in the sidewalk. As discussed above, we conclude that, assuming liability on behalf of the district, the plaintiffs' injuries arose out of the district's maintenance of the sidewalk. Consequently, the district may only be held liable for the plaintiffs' injuries if the sidewalk was insufficient as defined by RSA 231:90, and if the notice requirements of RSA chapter 231 were met. *See* RSA 231:92. Thus, we assume without deciding that the plaintiffs' injuries were caused by an insufficiency in the sidewalk, and address only the issue raised in their second argument, whether the trial court properly granted summary judgment in reliance on the district's affidavits from school officials.

The district appended two affidavits to its motion for summary judgment: one of Peter Aubrey, business administrator for School Administrative Unit (SAU) 53, which administers the district, and one of

Roger Simard, maintenance supervisor for the district. RSA 231:90, I, does not refer to SAU or district personnel in enumerating the individuals to whom notice must be provided in the event of an alleged insufficiency in a sidewalk. However, RSA 231:92, I (b) refers to officers of a governmental unit "responsible for maintenance and repair of ... sidewalks." RSA 231:92, I (b). In his affidavit, Mr. Simard stated that his duties as maintenance supervisor for the district included "supervising and carrying out the maintenance of the buildings and grounds owned or maintained by the [district], including grounds at the [academy]."

■ As stated above, the district does not contest that it is the proper unit against which this lawsuit should have been brought. Further, the plaintiffs do not argue that the sidewalk and curb at issue were not part of the academy grounds. Thus, as maintenance supervisor for the district, Mr. Simard was the "officer" responsible for maintaining the academy grounds for purposes of RSA 231:92, and needed to have actual notice or knowledge of an insufficiency for the district to be held liable for the plaintiffs' injuries. However, Mr. Simard stated in his affidavit that he did not at any time prior to Ms. Richard's trip and fall receive written or verbal notice of an alleged insufficiency in the sidewalk. Accordingly, we find no error in the trial court's grant of summary judgment to the district.

*Affirmed.*

NADEAU, DALIANIS, DUGGAN and GALWAY, JJ., concurred.