NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Merrimack
Case No. 2022-0648
Citation: Cole v. Town of Conway, 2024 N.H. 21

CHARLES W. COLE

v.

TOWN OF CONWAY

Argued: June 15, 2023
Opinion Issued: May 3, 2024

Seufert Law Office, PA, of Franklin (Christopher C. Snook on the brief and orally), for the plaintiff.

Gallagher, Callahan & Gartrell, P.C., of Concord (Matthew V. Burrows and Keelan B. Forey on the brief, and Matthew V. Burrows orally), for the defendant.

HANTZ MARCONI, J.

[¶1] The plaintiff, Charles W. Cole, appeals a decision of the Superior Court (Kissinger, J.) granting the defendant's, the Town of Conway's, motion to dismiss. The plaintiff asserts that the trial court erred by: (1) concluding that

the defendant was entitled to immunity pursuant to RSA 231:92 (2009); and (2) denying the plaintiff's motion for leave to amend his complaint. We affirm in part, reverse in part, and remand.

I

[¶2] The following facts are derived from the plaintiff's complaint or are otherwise supported by the record. In September 2020, the plaintiff and his wife were walking on a brick sidewalk in North Conway Village, which is a village of the Town of Conway. Prior to the plaintiff's visit to North Conway Village, some bricks had been removed from the sidewalk and others were "chipped, cracked, or otherwise broken." As a result, there were holes "throughout the walking surface." While the plaintiff was walking, he caught his foot in one of these holes, causing him to fall, "striking his right arm and shoulder on the ground." According to the plaintiff, the defendant "was aware of the state of disrepair of the sidewalk" prior to his injury and had received "written notice of the chipped, cracked or otherwise broken bricks and of holes created by the removal of the bricks." When the injury occurred, there were "no cones, signs or other warnings" alerting pedestrians to potential hazards associated with the missing bricks.

[¶3] The plaintiff filed a complaint alleging negligence against the defendant in superior court. The defendant moved to dismiss the complaint, arguing that the plaintiff had failed to allege with particularity how it had received written notice as required by RSA 231:92. The defendant asserted that, as a result, it was entitled to statutory immunity. The plaintiff objected, arguing: (1) the complaint contained sufficient particularity; and (2) in the alternative, the defendant is barred from claiming statutory immunity under RSA 507-B:7-a (2010) because it is insured against the risk through Primex. The defendant filed a reply to the plaintiff's objection. In response, the plaintiff filed a motion for leave to amend the complaint on the "basis of newly discovered facts." (Capitalization and bolding omitted.)

[¶4] The trial court held a hearing on the motion to dismiss. During the hearing, the plaintiff orally addressed his motion to amend the complaint in the event the court determined the complaint was insufficient. He proffered that he could add references to "news articles and minutes of the Selectmen's board that [the defendant was] aware of problems with that particular section of sidewalk in North Conway." The defendant objected on the basis that the proffered additions would not cure the defect in the complaint.

[¶5] The trial court issued a narrative order granting the motion to dismiss. In its order, the court concluded that the plaintiff had failed to plead, with sufficient particularity, that the defendant had received notice of the holes in the sidewalk, or that an intentional act by a municipal official had caused the sidewalk's condition. It further concluded that Primex's pooled risk

management program (PRMP) established under RSA chapter 5-B (2020 & Supp. 2022) in which the defendant was enrolled did not constitute an insurance policy within the meaning of RSA 507-B:7-a. Accordingly, the trial court concluded that the defendant was entitled to statutory immunity. In addition, the trial court denied the plaintiff's motion for leave to amend, concluding that the plaintiff had "failed to demonstrate how an amendment could cure his complaint's deficiencies." The plaintiff moved for reconsideration, which the trial court denied. This appeal followed.

II

[¶6] The plaintiff first argues that the trial court erred in granting the defendant's motion to dismiss because the defendant was not entitled to statutory immunity under RSA 231:92. When reviewing an order granting a motion to dismiss, we assume the truth of the facts as alleged in the plaintiff's pleadings and construe all reasonable inferences in the light most favorable to the plaintiff. Barufaldi v. City of Dover, 175 N.H. 424, 427 (2022). The standard of review when considering a motion to dismiss is whether the plaintiff's allegations are reasonably susceptible of a construction that would permit recovery. Id. This threshold inquiry involves testing the facts alleged in the pleadings against the applicable law. Id. We will uphold the granting of the motion to dismiss if the facts pled do not constitute a basis for legal relief. Id.

[¶7] We begin by examining the plaintiff's challenge to the trial court's determination as it relates to statutory immunity provided by RSA 231:92. RSA 231:92 provides, in relevant part:

I. A municipality shall not be held liable for damages in an action to recover for personal injury or property damage arising out of its construction, maintenance, or repair of public highways and sidewalks constructed thereupon unless such injury or damage was caused by an insufficiency, as defined by RSA 231:90, and:

(a) The municipality received a written notice of such insufficiency as set forth in RSA 231:90, but failed to act as provided by RSA 231:91; or

(b) The selectmen . . . of the municipality, the town or city clerk, any on-duty police or fire personnel, or municipal officers responsible for maintenance and repair of . . . sidewalks . . . had actual notice or knowledge of such insufficiency . . . and were grossly negligent or exercised bad faith in responding or failing to respond to such actual knowledge; or

3

(c)  The condition constituting the insufficiency was created by an intentional act of a municipal officer or employee acting in the scope of his official duty while in the course of his employment, acting with gross negligence, or with reckless disregard of the hazard.

II.  Any action to recover damages for bodily injury, personal injury or property damage arising out of municipal construction, repair or maintenance of its . . . sidewalks . . . shall be dismissed unless the complaint describes with particularity the means by which the municipality received actual notice of the alleged insufficiency, or the intentional act which created the alleged insufficiency.

(Emphases added.)

[¶8] The plaintiff asserts that RSA 507-B:7-a prevents the defendant from relying on RSA 231:92, II because, by enrolling with Primex, the defendant has obtained a policy insuring it against the risk.  RSA 507-B:7-a provides, in relevant part:

It shall be lawful for the state or any municipal subdivision thereof . . . to procure the policies of insurance described in RSA 412.  In any action against the state or any municipal subdivision thereof to enforce liability on account of a risk so insured against, the insuring company or state or municipal subdivision thereof shall not be allowed to plead as a defense immunity from liability for damages resulting from the performance of governmental functions, and its liability shall be determined as in the case of a private corporation except when a standard of care differing from that of a private corporation is set forth by statute . . . .

(Emphases added.)  In Cloutier v. City of Berlin, 154 N.H. 13 (2006), we addressed the interplay between RSA 231:90-:92, I, and the predecessor version of RSA 507-B:7-a.  Cloutier, 154 N.H. at 16-22; see RSA 231:90-:92, I (2009).  The plaintiff in Cloutier argued that RSA 231:90-:92, I, constituted "immunity defenses" that the defendant municipality could not assert because the defendant had insurance.  Id. at 15-16.  We ruled that RSA 231:92, I, played a "dual role" in "confer[ring] some degree of immunity" on municipalities and in establishing a municipal "standard of care differing from that of a private corporation."  Id. at 20-21 (quotation and brackets omitted).  Relying on that standard of care, we held that the defendant municipality could avail itself of the liability protections afforded by RSA 231:90-:92, I, even though the defendant had insurance within the meaning of RSA 507-B:7-a's predecessor.  Id. at 21-22.  However, we specifically did not address the remaining paragraphs of RSA 231:92.  See id. at 19.

4

[¶9] And we need not do so here. In order for us to conclude that RSA 507-B:7-a prevents the defendant from relying on RSA 231:92, II, we would have to determine, first, that the defendant's membership in Primex qualifies as "insurance" under RSA 507-B:7-a. See RSA 507-B:7-a; Cloutier, 154 N.H. at 19-21. Because we conclude, as explained below, that membership in Primex does not qualify as "insurance," we need not determine the nature of RSA 231:92, II.

[¶10] In support of his position that membership in Primex precludes the defendant's reliance on RSA 231:92, II, the plaintiff first asserts that the defendant failed to establish that Primex is a PRMP as opposed to some other risk management provider, like a traditional insurance company. He contends that there was "no evidence" for the trial court to conclude that Primex is a PRMP. We disagree. Although, at the motion to dismiss phase, the trial court must generally "assume the truth of the facts as alleged in the plaintiff's pleadings," it "may also consider documents attached to the plaintiff's pleadings, or documents, the authenticity of which are not disputed by the parties, official public records, or documents sufficiently referred to in the complaint." Barufaldi, 175 N.H. at 427. Here, in support of his objection to the motion to dismiss, the plaintiff himself submitted a letter on Primex letterhead clearly stating "Primex[] is a public entity risk pool established under RSA 5-B." And, the defendant did not dispute the authenticity of this document or its contents before the trial court. Accordingly, because the letter was attached to the plaintiff's pleading and its authenticity and accuracy are not disputed, we find no error in the trial court's reliance on the letter to establish that Primex is a PRMP. See id.

[¶11] Next, the plaintiff asserts that, even if Primex is a PRMP, as opposed to a traditional insurance company, it still provides insurance within the meaning of RSA 507-B:7-a. Determining whether Primex offers insurance within the meaning of RSA 507-B:7-a requires us to engage in statutory interpretation, a question of law, which we review de novo. Avery v. Comm'r, N.H. Dep't of Corr., 173 N.H. 726, 733 (2020). In matters of statutory interpretation, we first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Id. We interpret the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. We construe all parts of a statute together to effectuate its overall purpose and to avoid an absurd or unjust result. Id. We do not consider words and phrases in isolation, but rather within the context of the statute as a whole, which enables us to better discern the legislature's intent in light of the policy or purpose sought to be advanced by the statutory scheme. Id. Absent an ambiguity, we will not look beyond the language of the statute. Id.

5

[¶12] The plaintiff asserts that, because Primex insures the defendant against the risk allegedly created by failing to adequately maintain its public sidewalks, the defendant cannot plead immunity from suit under RSA 231:92, II. In response, citing RSA chapter 5-B, the defendant asserts that a PRMP is not an "insurer[] within the laws of this state" and thus does not provide traditional insurance under RSA chapter 412 (2022).

[¶13] RSA 5-B:1 (2020) states, in relevant part:

> [P]ooled risk management programs which meet the standards established by this chapter should not be subject to insurance regulation and taxation by the state.

In addition, RSA 5-B:6 (2020) provides:

> Any pooled risk management program meeting the standards required under this chapter is not an insurance company, reciprocal insurer, or insurer under the laws of this state, and administration of any activities of the plan shall not constitute doing an insurance business for purposes of regulation or taxation.

[¶14] The United States Court of Appeals for the First Circuit previously considered, under New Hampshire law, whether a PRMP could be considered "'insurance' for the purposes of an insurer's 'other insurance' clause." Stratford School Dist. v. Employers Reins. Corp., 162 F.3d 718, 721-23 (1st Cir. 1998). Like the plaintiff in this case, the plaintiff in Stratford School District argued that "the limiting language [in the statute], 'for purposes of regulation or taxation,' implies that the legislature intended PRMPs to be treated as insurers for all purposes except 'regulation or taxation.'" Id. at 722 (emphasis in original). The First Circuit rejected this argument, reasoning that RSA chapter 5-B "suggests that the products of PRMPs are outside of the ordinary meaning of the undefined term 'insurance' in New Hampshire." Id. It explained that RSA 5-B:1 "indicates that the legislature sought to facilitate risk protection coverage for political subdivisions by granting PRMPs special status, and treating them differently from providers of traditional insurance." Id. It further opined that "while [a PRMP] may have some insurer-like aspects . . . the legislature has expressly removed it from the category of insurance," and "[b]y so doing, [the legislature] abolished any normal expectation in New Hampshire that the undefined term 'insurance' would, without more, include PRMPs." Id. at 722-23. Accordingly, the First Circuit held that PRMPs do not "constitute 'insurance' as that term is usually understood under New Hampshire law." Id. at 723.

[¶15] Similarly, the United States District Court for the District of New Hampshire has previously considered whether a PRMP established under RSA chapter 5-B constitutes insurance such that a municipality's immunity is

6

thereby waived pursuant to RSA 507-B:7-a. Martineau v. Antilus, 16-cv-541-LM, 2017 WL 2693491, at *4-5 (D.N.H. June 22, 2017). In Martineau, the plaintiff asserted two common law claims related to the defendant's alleged negligence. Id. at *3. In response, the defendant asserted immunity on both claims pursuant to RSA 507-B:5 (2010), which grants immunity to "governmental unit[s]" under certain circumstances. Id. The plaintiff argued that, pursuant to RSA 507-B:7-a, having obtained a policy through Primex, the defendant could not plead statutory immunity. Id. at *4. After review of the relevant statutory scheme, the court concluded: "Although PRMPs may provide liability coverage that is comparable to traditional insurance, see RSA 5-B:3, the New Hampshire legislature has chosen to treat PRMPs organized under RSA 5-B differently from providers of insurance policies regulated under RSA 412." Id. at *5. Accordingly, the Martineau Court concluded that "Primex, a PRMP, does not constitute a policy of insurance described in RSA 412," and, therefore, "RSA 507-B:7-a does not apply and [the defendant] may claim immunity as a defense." Id.

[¶16] We find the reasoning in Stratford School District and Martineau persuasive. PRMPs, like Primex, do not constitute "insurance" within the meaning of RSA 507-B:7-a. We recognize, as the plaintiff points out, that PRMPs may insure against the same risks as those covered by traditional insurance policies. Whether PRMP-based risk protection should affect a waiver of municipal liability, however, is a public policy decision best reserved for the legislature. See Cloutier, 154 N.H. at 22. Accordingly, the defendant is not barred from relying on RSA 231:92 as a basis to contest the plaintiff's claim.

III

[¶17] Having determined that the trial court correctly concluded that the defendant can rely on RSA 231:92, we turn to the trial court's denial of the plaintiff's motion for leave to amend the complaint. "Amendments in matters of substance may be permitted in any action, in any stage of the proceedings, upon such terms as the court shall deem just and reasonable, when it shall appear to the court that it is necessary for the prevention of injustice . . . ." RSA 514:9 (2021). Generally, a court should allow amendments to pleadings to correct technical defects but need only allow substantive amendments when necessary to prevent injustice. New London Hosp. Ass'n v. Town of Newport, 174 N.H. 68, 75 (2021). Accordingly, liberal amendment of pleadings is permitted unless the changes would surprise the opposing party, introduce an entirely new cause of action, or call for substantially different evidence. Id. at 76. An amendment may also be denied if it would not cure the defect in the complaint. Id. Whether to allow a party to amend its pleadings rests in the sound discretion of the trial court, and we will not disturb the trial court's decision absent an unsustainable exercise of discretion. Id. When reviewing whether a ruling made by the trial court is a proper exercise of judicial

7

discretion, we determine whether the record establishes an objective basis sufficient to sustain the discretionary judgment made. Id.

[¶18] The plaintiff first asserts that the trial court "never considered the merits" of his written motion for leave to amend his complaint. He argues that, because the trial court's order denying leave to amend only cited the hearing transcript where the plaintiff's counsel orally argued for leave to amend, the trial court denied only an "oral motion" and failed to rule on the written motion. We disagree. At the hearing, the plaintiff's counsel asserted that counsel had found "news articles" showing that the defendant was aware of problems with the sidewalk. In response, the trial court noted that the news article referred to in the plaintiff's written motion was, as the defendant pointed out in its objection, dated after the incident. Thus, the record demonstrates that the trial court issued its ruling after considering both the written and oral arguments before it.

[¶19] The plaintiff next argues that the trial court erred when it concluded that his amendments would not cure the defect in his complaint. A plaintiff must be given leave to amend his complaint to correct perceived deficiencies before a dismissal for failure to state a claim has preclusive effect. See ERG, Inc. v. Barnes, 137 N.H. 186, 189 (1993). Therefore, we review the plaintiff's proposed amendments to determine whether they correct his original complaint's deficiencies. See id. In a situation such as this, when the question is whether the amended complaint will survive a motion to dismiss, we have recognized that a motion to amend the complaint should be reviewed under the motion to dismiss standard. See Brenda L. Butkus, Administrator of the Estate of Michael D. Veilleux & a. v. Demoulas Super Markets, Inc., No. 2022-0301 (non-precedential order at 2), 2023 WL 5793086 (N.H. Sept. 7, 2023). To determine whether the amendment would cure the deficiencies which resulted in dismissal, we assume the allegations in the plaintiff's amended pleadings to be true and construe all reasonable inferences in the light most favorable to the plaintiff. Cluff-Landry v. Roman Catholic Bishop of Manchester, 169 N.H. 670, 673 (2017). However, we need not assume the truth of statements in the plaintiff's pleadings that are merely conclusions of law. Id. We then consider whether the allegations in the plaintiff's amended pleadings are reasonably susceptible of a construction that would permit recovery. Id.

[¶20] Under RSA 231:92, II, "[a]ny action to recover damages for bodily injury . . . arising out of municipal construction, repair or maintenance of its . . . sidewalks . . . shall be dismissed unless the complaint describes with particularity the means by which the municipality received actual notice of the alleged insufficiency, or the intentional act which created the alleged insufficiency." RSA 231:92, II; see also RSA 231:90, II (2009) (defining when a sidewalk shall be considered "insufficient"). The plaintiff's original complaint alleged that "[o]n information and belief, Defendant had written notice of the chipped, cracked or otherwise broken bricks and of holes created by the

removal of the bricks." The trial court concluded that this allegation was inadequate because the complaint "failed to allege, with the required particularity, how the Town received actual notice of the insufficiency," noting that the complaint did not include "details such as who provided the Town notice, who received the notice, when it was provided or received, or any details about the content of the notice." The court then determined that the plaintiff failed to demonstrate how an amended complaint would cure this defect and denied the motion for leave to amend.

[¶21] The plaintiff's motion for leave to amend stated that he had discovered new facts showing that the defendant had received actual notice. The motion included a screenshot of a news article that described statements from the Town engineer at a board of selectmen's meeting. The Town engineer informed the board that the sidewalk was having issues with "heaving" and that some of the bricks were "starting to disintegrate." At the hearing, when the court asked what specific allegations the plaintiff would add to his complaint, the plaintiff's counsel represented that he "found through news articles and minutes of the Selectmen's board that they were aware of problems with that particular section of sidewalk." Specifically, counsel represented that "the way that the pavers were installed originally was done in such a way that they were cracking and disintegrating over time," and that "the Town engineer" said "we've been aware of this issue for years and years." The plaintiff contends that this satisfies the particularity requirement because "the amended Complaint will allege that prior to the incident, the Town [e]ngineer knew 'for years and years' that the sidewalk where Plaintiff fell was constructed in such a way that the bricks were cracking and disintegrating and then told same to the Board of Selectmen at the board's meeting." We agree.

[¶22] The allegations in the plaintiff's motion and proffer at the hearing identify the means by which the defendant received notice of the insufficiency: oral notice from the Town engineer at a meeting of the board of selectmen. These allegations are sufficiently "particular[]" to satisfy RSA 231:92, II. Cf. Richard v. Pembroke Sch. Dist., 151 N.H. 455, 460 (2004) (affirming entry of summary judgment for school district when it established by affidavit of its maintenance supervisor that it had no written or verbal notice of an alleged insufficiency in the sidewalk). We reverse the trial court's ruling denying the plaintiff's motion for leave to amend the complaint. The plaintiff shall have the opportunity on remand to file an amended complaint that includes, at a minimum, the allegations we have identified as satisfying the particularity requirement. We express no opinion as to whether the plaintiff's amended claim will satisfy any other requirements of RSA 231:92 that may apply.

Affirmed in part; reversed in part; and remanded.

MACDONALD, C.J., and BASSETT and DONOVAN, JJ., concurred.

9