NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by email at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release.  The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

Strafford
Case No. 2024-0027
Citation: Felts v. City of Rochester, 2025 N.H. 16


RAYMOND FELTS

v.

CITY OF ROCHESTER

Argued: September 25, 2024
Opinion Issued: April 16, 2025

Shaheen & Gordon, P.A., of Dover (Brittani L. Pelissier and Anthony M. Carr on the brief, and Brittani L. Pelissier orally), for the plaintiff.

Gallagher, Callahan & Gartrell, P.C., of Concord (Keelan B. Forey and Matthew V. Burrows on the brief, and Matthew V. Burrows orally), for the defendant.

BASSETT, J.

[¶1] In this interlocutory appeal, the defendant, the City of Rochester (City), challenges orders of the Superior Court (Will, J.) ruling that the City is not entitled to limited liability under RSA 231:92, I (2009) for injuries sustained by a pedestrian who was using a crosswalk that lacked warning signs or

signals.  See Sup. Ct. R. 8.  We accepted the following question for our review: "Do pedestrian warning signs, crossing signals, and other traffic controls fall within the meaning of 'highway' under RSA 231:92?"  We answer in the affirmative and, therefore, vacate and remand.

[¶2] We accept the statement of the case and facts as presented in the interlocutory appeal statement and rely upon the record for additional facts as necessary.  Dolbeare v. City of Laconia, 168 N.H. 52, 54 (2015).  In December 2020, the wife of the plaintiff, Raymond Felts, was struck and injured by a motor vehicle while she was walking across North Main Street in Rochester within a painted crosswalk.  She later passed away as a result of her injuries.  At the time of the collision, the painted crosswalk was not accompanied by any warning signs, signals, or traffic controls.

[¶3] In January 2022, the plaintiff — individually and as executor of his wife's estate — filed this suit.  The complaint alleges alternative claims of negligence and violation of RSA 231:90-:92 on behalf of the estate and a loss of consortium claim on behalf of Felts individually.  These claims are premised on the City's alleged failure to design, monitor, and maintain the crosswalk in a reasonably safe condition, including its failure to install warning signs, lights, or other signals related to the crosswalk.  The City moved to dismiss all three claims.  As relevant here, the City argued that the plaintiff's negligence claim should be dismissed because, under RSA 231:92, the City is entitled to limited liability for personal injury arising out of its construction, maintenance, or repair of public highways.  See RSA 231:92, I.

[¶4] The trial court granted in part and denied in part the City's motion to dismiss on this issue.  Based on the plain language of the statute and the fact that crosswalks are physically and functionally inseparable from the highway, whereas pedestrian warning signs "can be placed and removed" and "serve a separate purpose," the trial court concluded that "highway" as used in RSA 231:92 includes crosswalks but not accompanying pedestrian warning signs or signals.  It therefore granted the City's motion to dismiss the negligence claim to the extent the complaint alleged that the City negligently maintained the crosswalk itself and denied the motion as to the allegations that the City negligently failed to place crossing signals, warning signs, or other traffic controls alerting motorists to the crosswalk.  The City unsuccessfully moved for reconsideration, and this interlocutory appeal followed.

[¶5] Because the interlocutory question presents an issue of statutory interpretation, our review is de novo.  See Cloutier v. City of Berlin, 154 N.H. 13, 17 (2006).  When interpreting a statute, we first examine the language of the statute, and, where possible, ascribe the plain and ordinary meanings to the words used.  See id.  We do not consider words and phrases in isolation, but rather within the context of the statute as a whole.  Appeal of Michele, 168 N.H. 98, 102 (2015).  When a statute's language is plain and unambiguous, we

need not look beyond it for further indication of legislative intent, and we will not consider what the legislature might have said or add language that the legislature did not see fit to include.  Cloutier, 154 N.H. at 17.  Our goal is to apply statutes in light of the legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme.  Id.

[¶6] We begin with the statutory context of RSA 231:92.  Under RSA 507-B:5, governmental units, including cities, have immunity for "any action to recover for bodily injury, personal injury or property damage except as provided by [RSA chapter 507-B] or as is provided or may be provided by other statute." RSA 507-B:5 (2010); see also RSA 507-B:1, I (2010) (defining "Governmental unit"); Dichiara v. Sanborn Reg'l Sch. Dist., 165 N.H. 694, 696 (2013).  One such exception to the immunity granted in RSA 507-B:5 is RSA 507-B:2, which provides that a governmental unit may be liable in an action to recover for bodily injury, personal injury, or property damage caused by "its fault or by fault attributable to it, arising out of ownership, occupation, maintenance or operation of all motor vehicles, and all premises; provided, however, that the liability of any governmental unit with respect to its sidewalks, streets, and highways shall be limited as provided in RSA 231."  RSA 507-B:2 (2010) (emphasis added); Dichiara, 165 N.H. at 696.

[¶7] RSA 231:92, I, in turn, provides that: "A municipality shall not be held liable for damages in an action to recover for personal injury or property damage arising out of its construction, maintenance, or repair of public highways and sidewalks constructed thereupon unless such injury or damage was caused by an insufficiency, as defined by RSA 231:90," and the municipality's notice, knowledge, or intent and failure to take appropriate corrective action related to the insufficiency is established.  RSA 231:92, I (emphases added).  Because RSA 231:92, I, provides that a municipality shall not be held liable for certain types of injuries unless certain statutory requirements are met, we have described it as conferring "limited liability" or, in other words, "some degree of immunity," upon municipalities.  Cloutier, 154 N.H. at 20.

[¶8] On appeal, the City argues that the plain meaning of "highways," when read in the context of the statutory scheme and in light of the legislature's purpose in enacting RSA 231:90-:92, includes pedestrian warning signs, crossing signals, and other traffic controls (hereinafter, pedestrian warning signs).  The plaintiff counters that the trial court correctly interpreted the plain meaning of "highways" as denoting only the physical surface of the road itself and not pedestrian warning signs, which are "separate and apart from a highway."  We agree with the City.[1]

---

[1] Given the scope of the interlocutory question, we need not decide whether signs, signals, or other traffic controls not associated with pedestrian travel fall within the meaning of "highways" under RSA 231:92.

3

[¶9] We look first to the language of the statute and the plain meaning of the words used.  See Cloutier, 154 N.H. at 17.  The legislature has not defined "highways" generally for the purposes of RSA chapter 231.  See RSA ch. 231 (2009 & Supp. 2024).  Nor did it define the term specifically for the purposes of the subdivision of RSA chapter 231 at issue here, which is entitled "Liability of Municipalities."  See RSA 231:90-:110 (2009).  When a term is not defined in the statute, we look to its common usage, using the dictionary for guidance. Michele, 168 N.H. at 102.

[¶10] The plain meaning of "highway" is "a road or way on land or water that is open to public use as a matter of right whether or not a thoroughfare : a public road or way (as a footpath, road, or waterway) including the right-of-way."  Merriam-Webster's Unabridged Dictionary, https://unabridged. merriam-webster.com/unabridged/highway (last visited Apr. 2, 2025). Similarly, the legislature has elsewhere defined "highways" in relevant part as "roads which have been constructed for or are currently used for motor vehicle, bicycle, or pedestrian public travel."  RSA 229:1 (Supp. 2024).  Both definitions are broad: they do not expressly limit the meaning of "highway" to the surface of the road or exclude from its scope pedestrian warning signs existing above the surface of the road.  See Michele, 168 N.H. at 103 (observing that words at issue in statutory interpretation question had "broad definitions" and stating that we will not "limit the meaning of the terms when the legislature did not see fit to do so").  This broad understanding of "highway" is supported by our common law, which defines "highway" as "comprehend[ing] every public thoroughfare, whether road or sidewalk, with its soil and all the space above it."  State v. Scott, 82 N.H. 278, 278-79 (1926) (emphasis added; citation omitted).

[¶11] We must also consider the plain meaning of "highway" in the context of the statutory scheme, not in isolation.  See Michele, 168 N.H. at 102. We see no language in the statutory subdivision governing municipal liability that reflects legislative intent to narrow the meaning of "highway" to the surface of the road.  See RSA 231:90-:110.  To the contrary, other provisions of this subdivision reflect legislative intent that pedestrian warning signs be considered a part of the highway.  The limited liability provision in RSA 231:92, I, refers to the definition of "insufficiency" in RSA 231:90, which in turn provides that a highway or sidewalk is insufficient only if:

(a) It is not passable in any safe manner by those persons or vehicles permitted on such sidewalk or highway by state law or by any more stringent local ordinance or regulation; or

(b) There exists a safety hazard which is not reasonably discoverable or reasonably avoidable by a person who is traveling upon such highway at posted speeds or upon such sidewalk, in obedience to all posted regulations, and in a manner which is

4

> reasonable and prudent as determined by the condition and state
> or repair of the highway or sidewalk, including any warning signs,
> and prevailing visibility and weather conditions.

RSA 231:90, II (emphasis added). RSA 231:90, II(b) provides that a highway is insufficient if there exists a safety hazard that is not reasonably discoverable or avoidable by a person traveling in compliance with posted speeds and regulations and in a reasonable and prudent manner. See RSA 231:90, II(b). Whether a person is traveling in a reasonable and prudent manner depends upon "the condition and state or repair of the highway or sidewalk" and the "prevailing visibility and weather conditions." Id. The statute provides that "the condition and state or repair of the highway or sidewalk" "includ[es] any warning signs." Id. In other words, this definition of insufficiency contemplates that warning signs are part of the "condition" or "state" of the highway itself, not separate from it. See id.

[¶12] The language of RSA 231:94 and :95 is also consistent with a construction of "highway" that includes pedestrian warning signs. Read together, RSA 231:94 and :95 provide that a municipality's warning of a dangerous embankment is sufficient if made by railings, posts, or other warning signs erected on the highway that have been approved by the Department of Transportation, see RSA 231:94-:95, and that proof of such approval shall serve "as evidence of the sufficiency of such railings, posts, or other warning signs or structures," RSA 231:95. Reading these provisions in the context of the statutory subdivision, the presence of railings, posts, or warning signs deemed sufficient under RSA 231:94-:95 may impact whether a highway is insufficient under RSA 231:90, II. See RSA 231:90, II, :94-:95.

[¶13] In sum, contrary to the plaintiff's assertions, there is statutory language that contemplates that pedestrian warning signs are part of the highway and that their presence or absence should be considered when determining whether the highway is "insufficient" under RSA 231:90. We therefore conclude that the plain meaning of "highways" in RSA 231:92 when read in the context of the statutory scheme supports a construction of the term that encompasses pedestrian warning signs.

[¶14] Our case law interpreting other language in RSA 231:92 further buttresses this conclusion. In Richard v. Pembroke School District, 151 N.H. 455, 456-58 (2004), we addressed whether the plaintiff's injury arose out of the defendant school district's maintenance of a sidewalk such that RSA 231:92, I, applied to her claim. The plaintiff alleged that she was injured after tripping over a curb that directly abutted a sidewalk on the school district's premises and that she failed to see the curb because it was obscured by overgrown grass. See id. at 457-58. We stated that the plain meaning of "sidewalk" is "a walk for foot passengers." Id. at 458 (quotation omitted). Even though the definition of "sidewalk" did not expressly mention "curbs," we concluded that

the curb was part of the sidewalk because it "directly abutted the sidewalk such that it formed a part of the walk for foot passengers." Id. In short, the curb was "essentially inseparable from, and an integral part of, the sidewalk." Id. We therefore concluded that the school district's failure to maintain the grass along the curb was an issue of sidewalk maintenance within the scope of RSA 231:92, I. See id. at 456-58.

[¶15] Although in Richard we focused on the fact that the curb and the sidewalk were physically inseparable, see id. at 458, analogous reasoning applies here as to the functional relationship between the road surface and pedestrian warning signs. As explained above, a "highway" is "a road or way on land or water that is open to public use as a matter of right." Merriam-Webster's Unabridged Dictionary, supra. It is well established that the public has a right to use highways for all acts reasonably incident to "'viatic use'" — that is, use of the road "as a means of travel." Hartford v. Gilmanton, 101 N.H. 424, 426-27 (1958) (quoting Lydston v. Company, 75 N.H. 23, 24 (1908)). Viatic use encompasses both pedestrian and motorist travel. See id. (summarizing case law); see also RSA 229:1 (defining "[h]ighways," in relevant part, as "roads which have been constructed for or are currently used for motor vehicle, bicycle, or pedestrian public travel").

[¶16] Pedestrian warning signs are integral to the public's viatic use of highways and sidewalks — they function in tandem with the surface of the road to facilitate travel. Like the lines of a crosswalk painted on the surface of the road, pedestrian warning signs ensure the safe crossing of pedestrians from one side of the road to the other by stopping motorist traffic or by alerting motorists to the actual or potential presence of pedestrians. Although perhaps physically severable from the surface of the road, pedestrian warning signs would have no function if separated from the surface of highways and sidewalks. Cf. Johnson v. City of Laconia, 141 N.H. 379, 380-81 (1996) (holding that meaning of "highways, bridges, or sidewalks" in RSA 231:92-a does not encompass "parking lots" in part because parking lots may only "on occasion[] be functionally related to highways, bridges, or sidewalks" (emphasis added)).

[¶17] Finally, we observe that our interpretation of "highways" as including pedestrian warning signs is consistent with the legislature's purpose in enacting RSA 231:92. See Cloutier, 154 N.H. at 17 ("Our goal is to apply statutes in light of the legislature's intent in enacting them . . . ."); State v. Wilson, 169 N.H. 755, 763-64, 767 (2017) (relying upon legislative statement of purpose articulated in session law to interpret unambiguous statutory language). In City of Dover v. Imperial Casualty & Indemnity Company, 133 N.H. 109, 119-20 (1990), we held that a prior version of RSA 507-B:2, I — which provided complete immunity to municipalities from tort liability arising from ownership or maintenance of highways, streets, and sidewalks — was unconstitutional. In response, the legislature drafted legislation limiting

6

municipal liability and asked for our opinion as to its constitutionality. See Opinion of the Justices, 134 N.H. 266, 268-70 (1991). We replied that the proposed amendments largely passed constitutional muster because they limited municipal liability to instances where the municipality received actual notice of an insufficiency in a highway or sidewalk and failed to take corrective action. See id. at 275-77. The legislature then repealed and reenacted RSA 507-B:2 and RSA 231:90-:92 in Senate Bill 151-FN. See Laws 1991, 385:2-:5, :9; Cloutier, 154 N.H. at 20.

[¶18] The stated purpose of Senate Bill 151-FN was "to provide municipalities with the greatest possible protection from highway and sidewalk liability, consistent with the constitution." Laws 1991, 385:1. Nothing in the legislative statement of purpose evinces an intent to limit municipal immunity to injuries arising only from insufficiencies in the surface of the road or sidewalk. See id.

[¶19] Considering the statutory language with this context in mind, we conclude that the legislature's purpose was to maximize municipal protection from highway and sidewalk liability while also ensuring that individuals have a right to recover under limited circumstances. See id.; cf. Franciosa v. Hidden Pond Farm, 171 N.H. 350, 356 (2018) (reading statutory language and statement of intent together to discern legislative purpose of shielding persons from liability arising from inherent risks of equine activity while also ensuring that persons injured by such activities have a right to recover under narrowly defined circumstances). A broad construction of "highway" that includes pedestrian warning signs is consistent with this purpose in that it does not upset the balance struck between protecting municipalities and permitting limited recovery: claims arising from insufficiencies related to pedestrian warning signs will be subject to the same notice and pleading standards as claims premised upon insufficiencies in the surface of the traveled way. See RSA 231:90-:92. Of course, if the legislature disagrees with our construction of RSA 231:92, it is free, within constitutional limits, to amend the statute accordingly. See Petition of State of N.H., 175 N.H. 547, 555 (2022).

[¶20] For all these reasons, we hold that the meaning of "highways" as used in RSA 231:92 includes pedestrian warning signs and, therefore, answer the interlocutory question in the affirmative. We vacate the trial court's ruling that RSA 231:92 does not apply to the plaintiff's claim to the extent that it is premised upon the City's failure to place pedestrian warning signs at the crosswalk where the collision occurred and remand.

Vacated and remanded.

MACDONALD, C.J., and DONOVAN and COUNTWAY, JJ., concurred.

7